**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., *Plaintiff,* v. COMPUPOOL PRODUCTS; COMPUPOOL PRODUCTS USA, INC. a/k/a COMPUPOOL; TIFFANY HOLDINGS PTY LTD.; SALT WATER POOL SUPPLIES d/b/a SALT POOL STORE d/b/a SALTPOOLSTORE.COM; SALT PRO SYSTEMS LLC d/b/a SALT PRO SYSTEMS d/b/a SALT PRO SYSTEMS DIRECT d/b/a SALTPRODIRECT.COM; and NICK MILLAR a/k/a NICK MILLER, *Defendants.* | Case No.: 2:22-cv-07330-JKS-MAH **OPINION** January 14, 2025 |

**SEMPER**, District Judge.

Before the Court is Defendant Nick Millar's ("Defendant" or "Millar") motion to dismiss Plaintiff Hayward Industries, Inc.'s ("Plaintiff" or "Hayward") Complaint (ECF 1, "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF 47-1, "Def. Br.") This motion was filed after the parties engaged in jurisdictional discovery. (*See* ECF 44.) Plaintiff filed a brief in opposition to the motion. (ECF 54, "Opp.") Defendant filed a brief in reply. (ECF 57, "Reply.") The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is **DENIED.**

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Hayward brings this action against Defendants CompuPool Products and CompuPool Products USA, Inc a/k/a CompuPool, (collectively, the "CompuPool Defendants"); Saltwater Pool Supplies d/b/a Salt Pool Store d/b/a Saltpoolstore.com; Salt Pro Systems LLC d/b/a Salt Pro Systems d/b/a Salt Pro Systems Direct d/b/a Saltprodirect.com (collectively, the "Salt Pool Store Defendants"); Tiffany Holdings Pty Ltd ("Tiffany Holdings"); and Nick Millar (collectively, "Defendants") for alleged breach of contract; breach of a consent judgment entered in an earlier action; trademark infringement, unfair competition, importation, and false designation of origin, in violation of the Lanham Act (15 U.S.C. § 1051 *et seq.*); copyright infringement under 17 U.S.C. § 101 *et seq.*; and other violations of related New Jersey state and common law. (Compl. ¶ 1.) Hayward asserts that its claims arise in part from the breach of an agreement and consent judgment that settled a previous trademark infringement and unfair competition action filed in 2015 in this District, *Hayward Industries, Inc., v. CompuPool Products and CompuPool Products USA, Inc.*, 2:15-cv-04213 (the "Underlying CompuPool Action"). (*Id.* ¶ 2.) Hayward's claims also arise in part from the Salt Pool Store Defendants' alleged failure to comply with a judgment obtained against them in this District in another case, *Hayward Industries, Inc. v. Saltwater Pool Supplies d/b/a Salt Pool Store et al.*, Case No. 2:20-cv-06105 (the "Underlying Salt Pool Store Action"). (*Id.*)

In 2022, Plaintiff Hayward discovered the CompuPool Defendants allegedly ignored the settlement agreement and consent permanent injunction entered in the Underlying CompuPool Action and continued to infringe Hayward's intellectual property rights. (*Id.* ¶ 3.) Also in 2022, Hayward discovered that the Salt Pool Store Defendants ignored a permanent injunction order entered in the Underlying Salt Pool Store Action. (*Id.*) Around the same time, Hayward discovered

2

that the Salt Pool Store Defendants were connected or related to the CompuPool Defendants. (*Id.* ¶ 4.) Specifically, Plaintiff alleges that the Salt Pool Store Defendants appear to be aliases, d/b/a's, or alter egos of the CompuPool Defendants and vice versa. (*Id.*) Plaintiff asserts that both the CompuPool Defendants and Salt Pool Store Defendants are owned or controlled by the same person—Nick Millar—or entity—Tiffany Holdings—and work in concert with each other to infringe Hayward's intellectual property rights. (*Id.*)

In its Complaint, Plaintiff alleges upon information and belief that Millar is an individual residing at 2/31 Albatross Avenue, Mermaid Beach, Queensland, Australia, and is the owner, manager, and/or officer of each of the CompuPool Defendants and the Salt Pool Store Defendants, as well as the sole owner or director of Tiffany Holdings. Defendant Tiffany Holdings Pty Ltd is an Australian corporation with its principal place of business at 3/7 Hilldon Court, Nerang, Queensland, Australia. (*Id.* ¶ 11.) Upon information and belief, Plaintiff alleges that Tiffany Holdings owns or controls the CompuPool Defendants. (*Id.*) According to the Australian Business Register, Tiffany Holdings' trading name is "CompuPool Products." (*Id.*) Millar is the sole director and shareholder of Tiffany Holdings. (*Id.*) Tiffany Holdings is allegedly the parent company of the CompuPool Defendants or otherwise controls the CompuPool Defendants and/or Salt Pro Systems LLC. (*Id.*) Plaintiff alleges Millar used Tiffany Holdings as the underlying company when he established Defendant Salt Pro Systems LLC, d/b/a Salt Pool Store, a/k/a CompuPool. (*Id.*)

The Complaint states that this Court has personal jurisdiction over Millar because he is bound by the forum selection clause contained in the settlement agreement executed in the Underlying CompuPool Action. (*See* ECF 1-1, Ex. A, "CompuPool Settlement Agreement" § 5.1.) That forum selection clause provides

> This Agreement shall be construed and interpreted in accordance with the laws of the State of New Jersey, without giving effect to the

3

> choice-of-law rules of that State. The federal courts of New Jersey shall be the exclusive forum for resolution of disputes relating to or arising out of the Agreement.

(*Id.*) The signatories to the CompuPool Settlement Agreement are Hayward Industries, Inc., CompuPool Products USA, Inc., and CompuPool Products. (*Id.* at 11.) Defendant Millar signed the agreement on behalf of CompuPool Products in his capacity as director. (*Id.*; Opp. at 7 (citing Millar's testimony at deposition, during which he agreed that the federal courts of New Jersey would be the exclusive forum for resolving disputes concerning that settlement agreement).) The Complaint asserts that Millar himself is also bound by the CompuPool Settlement Agreement because the agreement states, "[t]his Release is made for the benefit of the Parties, and their past, present and future officers, directors, parents, subsidiaries, affiliates, agents, servants, and employees, and all who succeed to their rights and responsibilities, such as their successors or assigns." (CompuPool Settlement Agreement § 4.3.) The CompuPool Settlement Agreement also provides that

> CompuPool and its officers, directors, agents, employees, servants, affiliated companies, representatives and licensees, and all other persons in active participation with CompuPool, agrees to forever cease use, display, advertisement and promotion (including, without limitation, over the Internet), sale, offer for sale, and marketing (or any direct or indirect efforts in relation to any of the foregoing) of any and all products, including but not limited to the CompuPool Products, in connection with the Infringing Marks, the Hayward Marks, or any other trademarks that are confusingly similar to the Hayward Marks.

(*Id.* § 3.1.) At his deposition, Millar testified that he is the sole owner of Tiffany Holdings, which conducts business under the trade name CompuPool Products. (ECF 54-2, Millar Dep. at 31:12-17 and 32:13-18.) Plaintiff asserts that as a result, Millar falls within the ambit of the CompuPool Settlement Agreement and two injunctions related to it.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Despite having all reasonable inferences drawn in its favor, the plaintiff cannot rely on the bare pleadings alone to defeat a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). "A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether *in personam* jurisdiction actually lies." *Patterson*, 893 F.2d at 603 (citing *Time Share Vacation Club*, 735 F.2d at 67 n.9). "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson*, 893 F.2d at 603-04. Therefore, in determining whether personal jurisdiction exists, the Court looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff. *Externetworks, Inc. v. Think Anew, Inc.,* No. 20-3334, 2021 U.S. Dist. LEXIS 243216, at *5 (D.N.J. Dec. 21, 2021).

## III.  ANALYSIS

"[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state[]" so long as the jurisdiction

comports with the Due Process Clause of the Fourteenth Amendment. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotation marks omitted). The inquiry involves a two-step process: first looking to the state requirements and then to the constitutional requirements. *IMO Indus., Inc. v. Kiekart AG*, 155 F.3d 254, 259 (3d Cir. 1998). In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *International Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). In other words, to establish personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe*, 326 U.S. at 320).

However, "[b]ecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 703 (1982). Consent to a forum selection clause can be an independent basis for conferring personal jurisdiction. *See Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 145 (2023) ("Failing to comply with certain pre-trial court orders, signing a contract with a forum selection clause, accepting an in-state benefit with jurisdictional strings attached—all these actions as well can carry with them profound consequences for personal jurisdiction."); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (finding consent to forum selection clauses to be an

independent basis for conferring personal jurisdiction). Here, Plaintiff argues that this Court has personal jurisdiction over Millar because he is bound by the forum selection clause contained in the CompuPool Settlement Agreement that was executed in the Underlying CompuPool Action. (*See* ECF 1-1, CompuPool Settlement Agreement § 5.1.) Plaintiff argues that because Tiffany Holdings (d/b/a CompuPool) and Millar are closely related parties, this Court may enforce the forum selection clause against Millar as well. (Opp. at 26.)

    a.  **Forum Selection Clause and Closely Related Party Doctrine**

"The question of the scope of a forum selection clause is one of contract interpretation." *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997).[1] "Under traditional principles of contract law, non-signatories may be bound by a forum selection clause if they are intended third-party beneficiaries of the contract, or if they are closely related parties." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 59 (3d Cir. 2018). In the Third Circuit, Courts will enforce a forum selection clause on such third-party beneficiaries or closely related parties if enforcement was foreseeable to the non-signatory, and the claim is within the scope of that clause. *Id.*

First, "[i]n determining whether a non-signatory is closely related to a contract, courts consider the non-signatory's ownership of the signatory, its involvement in the negotiations, the relationship between the two parties and whether the non-signatory received a direct benefit from the agreement." *Id.* at 63 (quoting *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 219 (3d Cir. 2015)). Plaintiff notes that Millar is the only corporate officer and only member or director of Tiffany Holdings/CompuPool. (Opp. at 28.) He is the only person who signed any of

---

[1] To determine whether a forum selection clause applies to a particular party or claim, the Court applies state law. *Mehta v. Angell Energy*, No. 18-2319, 2019 WL 4750142, at *5 (D.N.J. Sept. 30, 2019). Here, the CompuPool Settlement Agreement provides that New Jersey law will apply. (ECF 1-1, Settlement Agreement § 5.1.)

the contracts at issue here, including the CompuPool Settlement Agreement containing the forum selection clause which, according to Plaintiff, also applies to Tiffany Holdings/CompuPool officers and directors. (*Id.*) All of these facts weigh in favor of enforcing the forum selection clause. *Canon Fin. Servs. v. ServeCo N. Am., LLC*, No. 19-17910, 2020 U.S. Dist. LEXIS 126081, at *12 (D.N.J. July 16, 2020) (explaining that non-signatory employees and principals of signatories may be bound by forum selection clauses as closely related parties).

Next, the Court considers whether Millar could foresee enforcement of the forum selection clause. "Foreseeability is a prerequisite to applying the closely related parties doctrine[,]" and "before binding a non-signatory as a closely related party, [Third Circuit precedent] require[s] a finding that enforcement of the clause by or against the non-signatory would be foreseeable." *In re McGraw-Hill*, 909 F.3d at 64. "A foreseeability finding in the context of forum selection clauses must have some evidentiary basis, other than pure speculation, that the party sought to be bound had an awareness of the clause, its contents, and that it might be defensively invoked." *Id.* at 65. The foreseeability standard requires "the *actual forum* be foreseeable, and that there be some evidentiary basis for such a finding.'" *Id.* (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir. 1983)). Here, Plaintiff asserts that because Millar signed the CompuPool Settlement Agreement in his capacity as director, he was forewarned that disputes related to the agreement would be brought within the District of New Jersey. (Opp. at 28.) Indeed, the CompuPool Settlement Agreement provides that "[t]he federal courts of New Jersey shall be the exclusive forum for resolution of disputes relating to or arising out of the Agreement." (CompuPool Settlement Agreement" § 5.1.) Moreover, the CompuPool Settlement Agreement provides that

> CompuPool . . . officers, directors . . . and all other persons in active participation with CompuPool, *agrees* to forever cease use, display,

8

>> advertisement and promotion (including, without limitation, over the Internet), sale, offer for sale, and marketing (or any direct or indirect efforts in relation to any of the foregoing) of any and all products, including but not limited to the CompuPool Products, in connection with the Infringing Marks, the Hayward Marks, or any other trademarks that are confusingly similar to the Hayward Marks.

(*Id.* § 3.1 (emphasis added).) Accordingly, the Court finds that enforcement of the clause was foreseeable.

Lastly, the Court considers whether the claims asserted against Millar fall within the scope of the forum selection clause. "Whether or not a forum selection clause applies depends on what the specific clause at issue says." *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997). Accordingly, courts must look to the language of the forum selection clause to determine its scope. *Schering Corp. v. First Databank, Inc.*, 479 F. Supp. 2d 468. 470 (D.N.J. 2007). "'Courts in this District have found that clauses using the phrase "relating to" indicate that the scope of the clause is subject to a broader interpretation' than those using the phrase 'arising under.'" *Mehta*, 2019 WL 4750142, at *7 (quoting *Lasoff v. Amazon.com, Inc.*, No. 15-2886, 2016 WL 355076, at *3 (D.N.J. Jan. 28, 2016)). Here, the forum selection clause provides "[t]he federal courts of New Jersey shall be the exclusive forum for resolution of disputes relating to or arising out of the Agreement." (CompuPool Settlement Agreement" § 5.1.) Accordingly, Plaintiff's first three claims—Count I: Breach of the CompuPool Settlement Agreement; Count II: Breach of the Covenant of Good Faith and Fair Dealing in Violation of the CompuPool Settlement Agreement; Count III: Unjust Enrichment—all fall within the scope of the forum selection clause. Furthermore, all of Plaintiff's claims relating to trademark infringement, copyright infringement, false advertising, unfair competition, and importation likewise fall within the scope of the forum selection clause because the CompuPool Settlement Agreement expressly provides that CompuPool and its owners and directors cease use, display, advertisement, and promotion, sale,

offer for sale, and marketing of any and all products—including but not limited to the CompuPool Products—in connection with the Infringing Marks, the Hayward Marks, or any other trademarks that are confusingly similar to the Hayward Marks. (CompuPool Settlement Agreement § 3.1.)[2]

Accordingly, the Court finds that Defendant Nick Millar is subject to the forum selection clause as a closely related party such that this Court may exercise personal jurisdiction over him, and Defendant's motion to dismiss is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF 47) is **DENIED.** An appropriate order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Michael A. Hammer, U.S.M.J.
     Parties

---

[2] These claims include: Count IV; Count V; Count VI; Count VII; Count VIII; Count IX; Count X; Count XI; Count XII; Count XIII; Count XVI; Count XVII; Count XVIII; Count XIX; Count XX; Count XXI; Count XXII; and Count XXIII.